900                    June 24, 2026                    No. 586

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

A. G.,
*Petitioner-Respondent,*

*v.*

CHRISTOPHER ESCH,
*Respondent-Appellant.*

Marion County Circuit Court
25PO06122; A188486

Amy M. Queen, Judge.

Submitted June 2, 2026.

Robert J. Custis filed the brief for appellant.

No appearance for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Appellant appeals from a Family Abuse Prevention Act (FAPA) restraining order that was continued after a contested hearing. Appellant asserts that the trial court erred in continuing the FAPA order because, in his view, there was legally insufficient evidence to support its findings that there had been abuse, that respondent reasonably feared for her physical safety, and that appellant posed a credible threat to respondent's safety.

We are bound by the trial court's factual findings if they are supported by any evidence in the record, and in the absence of express factual findings, we presume that the court made findings consistent with its ultimate judgment. *J. V.-B. v. Burns*, 284 Or App 366, 367, 392 P3d 386 (2017). We review the trial court's legal conclusions for legal error. *Id.* Having reviewed the record—including the trial court's express findings that respondent was credible and appellant was not credible—we conclude that the trial court correctly continued the FAPA order. The court found that, within the 180 days prior to respondent filing the FAPA petition, appellant had made threats that caused respondent to believe that appellant was going to kill her, and the court concluded that her belief was objectively reasonable under the law. The evidence in the record supports those findings and conclusions.

Affirmed.